UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | | |
|---|---|---|
| ALI Y. MYRICK, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CV410-293 |
| UNICARE, | ) ) ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Civil rights plaintiff Ali Y. Myrick, currently confined in the Chatham County Detention Center in Savannah, Georgia, submitted a 42 U.S.C. § 1983 complaint. Doc. 1. The Court granted him leave to proceed *in forma pauperis* on the condition that he return a Prisoner Trust Account Statement form and a Consent to Collection of Fees from Trust Account form. Doc. 3. He has returned the two forms, docs. 5 & 6, so the case is ready to proceed.

IFP is a privilege which may be denied when abused. The IFP statute therefore authorizes courts to dismiss cases *sua sponte* if: (1) the allegation of poverty is untrue, (2) the action is frivolous or malicious, (3)

the complaint fails to state a claim upon which relief may be granted, or (4) the complaint seeks money damages from a defendant who is immune from suit. 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The power to *sua sponte* dismiss in IFP cases "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Myrick "is seeking compensation and entitlement to his fathers life insurance policy [sic]." Doc. 1 at 7. He has long tried to get a copy of the policy, *id.* at 7-8, but the insurer has been "very unprofessional" and refuses to cooperate, so plaintiff "is now seeking punitive for legal and pain and suffering [sic]. Plus what he is entitled to through the life insurance policy itself." *Id.* at 8.

To establish a claim pursuant to 42 U.S.C. § 1983, a plaintiff must show that the defendant, acting under the color of state law, deprived him of a constitutional or federal statutory right. *West v. Atkins*, 487 U.S. 42, 48 (1988). Myrick does not come anywhere close to meeting the

basic prerequisites of a § 1983 claim -- state action, by a state actor, depriving the plaintiff of a civil right. *See American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999); *West*, 487 U.S. at 54, 57-58. And, because his case is still-born, his motion for appointment of counsel (doc. 9) is **DENIED**. Accordingly, his case should be **DISMISSED WITH PREJUDICE.**

**SO REPORTED AND RECOMMENDED** this __2nd__ day of March, 2011.

/s/ G.R. Smitt
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT of GEORGIA**